IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW DEAN ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | COMPLAINT |
| v. ) | |
| ) | Electronically Filed |
| SPECIALIZED SECURITY RESPONSE ) | |
| ) | Jury Trial Demanded |
| Defendant. ) | |

**COMPLAINT**

**NATURE OF THE ACTION, JURISDICTION AND VENUE**

1. This is an individual action under the Civil Rights Act of 1866, as amended (Section 1981)(42 U.S.C. §1981), the Fair Labor Standards Act of 1938, as amended (FLSA)(29 U.S.C. §201 et seq.), and the Pennsylvania Criminal History Record Information Act (18 Pa. C.S.A. §9101 et seq.) to recover damages for illegal actions against Plaintiff by Defendant and to make Plaintiff whole.

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331, and 28 U.S.C. §1367 for supplemental state claims. This action is authorized and instituted pursuant to Section 1981, the FLSA and the PA Criminal History Record Information Act.

3. The actions and policies alleged to be unlawful were committed in and around Pittsburgh, PA, where Defendant is located and where Plaintiff worked and, therefore, this action is within the jurisdiction of, and venue is proper in, the United States District Court for the Western District of Pennsylvania.

Page 1 of 8

**PARTIES**

4. Plaintiff Andrew Dean (hereinafter referred to as "Plaintiff" or "Dean"), a black male, is a citizen of the Commonwealth of Pennsylvania and resides at 308 Gardner Street, McKees Rocks, PA 15136. He was employed by Defendant Specialized Security Response from in or about February 2008 until in or about August 2008 when he was terminated.

5. At all relevant times, Defendant Specialized Security Response (hereinafter referred to as "Defendant" or "Specialized Security"), is a corporation that provides security services to a variety of clients and maintains a business location at 4021 Butler Street, Pittsburgh, PA 15201.

6. Defendant is an employer within the meaning of Section 1981, the FLSA and the PA Criminal History Record Information Act.

**BACKGROUND AND STATEMENT OF CLAIMS**

7. Plaintiff Andrew Dean is a black male (D.O.B.: 5/20/72).

8. Plaintiff was employed by Defendant as a Security Officer from in or about February 2008 until in or about August 2008 when he was terminated.

9. Plaintiff performed his job satisfactorily.

10. Plaintiff applied for and was offered a job with Defendant in February 2008.

11. At the time he applied Plaintiff informed Defendant of the fact Plaintiff had a history of criminal conviction for which Plaintiff had been placed on probation.

12. Notwithstanding the criminal conviction Defendant offered Plaintiff the position as a Security Guard and Plaintiff accepted.

13. Plaintiff was assigned to a facility in Eighty-Four, Pennsylvania.

14. Plaintiff performed his job in accordance with Defendant's rules and regulations, and also performed in accordance with all the rules and regulations of the company where Plaintiff was assigned.

15. Plaintiff was paid an hourly wage plus overtime for hours worked in excess of forty (40) hours in a workweek.

16. In or about July 2008 Plaintiff was shorted approximately eight (8) hours of overtime in his pay.

17. Plaintiff complained about not being paid for the overtime.

18. One of Plaintiff's white co-workers was also shorted overtime and complained about being shorted the overtime.

19. In or about early August 2008, within a matter of just a couple of weeks of Plaintiff's complaint about the overtime, Plaintiff was terminated.

20. Plaintiff was told by the owner of Defendant that the reason for the termination was Plaintiff's criminal background.

21. Plaintiff was further told by the owner that if Plaintiff could get the criminal record expunged that Plaintiff would be welcomed back to work for Defendant.

22. To the extent the reason given for the termination was the true reason and not a pretext for another reason then Defendant violated the Pennsylvania Criminal History Record Information Act, specifically Section 9125.

23. To the extent the reason given for the termination was not the real reason but a mere pretext then Defendant violated the Fair Labor Standards Act's prohibition against retaliation and/or Section 1981's prohibition against race discrimination.

24. As a result of these violations of the law by Defendant Plaintiff has been harmed significantly in terms of lost wages, pain and suffering and other tangible and intangible damages.

## COUNT I: RACE DISCRIMINATION (SECTION 1981)

25. Plaintiff hereby incorporates by reference Paragraphs 1 through 24 of his Complaint as though the same were more fully set forth herein.

26. Plaintiff is in a protected racial group (black).

27. Plaintiff was qualified for the position in question (Security Officer).

28. Plaintiff suffered an adverse action, i.e. termination.

29. Plaintiff was treated less favorably than whites in similar circumstances (whites who also complained about overtime but were not terminated; whites who had a criminal record but were not terminated).

30. The reasons given for the adverse actions were a pretext for race discrimination.

31. Defendant's actions were in violation of Section 1981's prohibition against race discrimination.

32. Defendant knew its actions against Plaintiff were in violation of Section 1981.

33. Plaintiff has suffered tangible and intangible losses resulting from Defendant's violations of the law: loss of pay; loss of business opportunities; loss of promotional opportunities; humiliation; mental anguish; and, damage to reputation.

34. Plaintiff is seeking lost wages, lost business opportunities, compensation for pain and suffering, attorney's fees and costs.

35. Defendant's violations of the law were knowing and willful and with malicious intent.

### COUNT II: FAIR LABOR STANDARDS ACT (FLSA) - RETALIATION

36. Plaintiff hereby incorporates Paragraphs 1 through 35 of his Complaint as though the

same were more fully set forth at length herein.

37. Plaintiff was an employee of Defendant within the meaning of 29 U.S.C.§201 et seq..

38. Defendant is an employer within the meaning of 29 U.S.C.§201 et seq..

39. Plaintiff engaged in a protected activity within the meaning of the FLSA (complained about not being paid overtime).

40. Plaintiff suffered an adverse action (termination) following his having engaged in the protected activity.

41. There is a causal connection between Plaintiff's protected activity and the termination.

42. Defendant retaliated against Plaintiff for having engaged in the protected activity.

43. The retaliation was knowingly, wilfully and maliciously in violation of the FLSA.

44. Plaintiff is entitled to lost wages and compensatory damages for the violation of the law.

**COUNT III: PENNSYLVANIA CRIMINAL HISTORY RECORD INFORMATION ACT**
**(18 Pa. C.S.A. §9101 et seq.)**

45. Plaintiff hereby incorporates Paragraphs 1 through 44 of his Complaint as though the same were more fully set forth at length herein.

46. Defendant is prohibited from using Plaintiff's criminal records to the extent they are unrelated to Plaintiff's suitability for employment. 18 Pa. C.S.A. §9125.

47. Defendant used Plaintiff's criminal records to deny him continued employment.

48. The criminal history was unrelated to Plaintiff's suitability for employment as evidenced by his performing the job satisfactorily for some six months or so.

49. Defendant was fully aware of Plaintiff's criminal record at the time of Plaintiff's hiring and over the duration of Plaintiff's employment with Defendant.

50. Plaintiff is bringing this action in accordance with 18 Pa. C.S.A. §9183.

51. Plaintiff has suffered lost wages, pain and suffering and emotional distress, and tangible compensatory damages as a result of Defendant's violation of the law.

**PRAYER FOR RELIEF**

52. WHEREFORE, Plaintiff requests judgment against Defendants for:

    A. Order Defendant to make whole Plaintiff by paying monetary damages, reinstating Plaintiff and providing affirmative relief necessary to eradicate the effects of its deprivation of Plaintiff's civil rights and its other unlawful actions.

    B. Order Defendant to compensate Plaintiff for the emotional distress sustained as a result of Defendant's illegal actions.

    C. Order Defendant to pay compensatory and punitive (§1981) damages.

    D. Order Defendant to pay the costs and reasonable attorney's fees incurred by

    **Plaintiff.**

E.  **Grant such further relief as the Court deems necessary and proper.**

                **Respectfully submitted,**


                **s/Joseph H. Chivers**
                **Joseph H. Chivers, Esquire**
                **PA ID No. 39184**
                **First & Market Building**
                **Suite 1010**
                **100 First Avenue**
                **Pittsburgh, PA 15222-1514**
                **jchivers@employmentrightsgroup.com**
                **(412) 227-0763**
                **(412) 281-8481 FAX**

                **Counsel for Plaintiff**
                **Andrew Dean**

**DATED: <u>April 28, 2009</u>**